**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| SMARTWATCH MOBILECONCEPTS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 6:23-cv-00398-DC-DTG |
| GOOGLE LLC, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

## <u>DEFENDANT GOOGLE LLC'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT</u>

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................... 1

II.  FACTUAL BACKGROUND ........................................................................ 1

III.  LEGAL STANDARDS ................................................................................ 3

IV.  ARGUMENT ............................................................................................... 4

    A.  SmartWatch Fails To Identify Anything As Allegedly Being The "secured electronic system" Required By Limitations 2[b] And 2[e] .................................. 4

    B.  SmartWatch's Allegations For "providing the user with access . . . once authenticated" Fail To Follow The Claim's Required Chronological Order .......... 7

    C.  SmartWatch Fails To Allege How Providing Access Depends On A GPS-Determined Location ............................................................................... 9

    D.  SmartWatch's Complaint Follows A Well-Established Pattern Of Deficient Complaints Filed By SmartWatch's Counsel ...................................... 11

V.  CONCLUSION ............................................................................................ 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*AK Meeting IP LLC v. Zoho Corp.*,
    No. 1:22-CV-1165-LY, 2023 WL 1787303 (W.D. Tex. Feb. 6, 2023) ................................. 12

*ALD Soc. LLC v. Google LLC*,
    No. WA-22-CV-972-FB, 2023 WL 3184631 (W.D. Tex. Mar. 17, 2023) .............................. 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................. 3

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) ......................................................................................... 3, 8, 11

*De La Vega v. Microsoft Corp.*,
    No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) .................... 6, 11

*E-Pass Techs., Inc. v. 3Com Corp.*,
    473 F.3d 1213 (Fed. Cir. 2007) ......................................................................................... 7, 9

*Grecia Est. Holdings LLC v. Meta Platforms, Inc.*,
    605 F. Supp. 3d 905 (W.D. Tex. 2022) ............................................................................. 3, 11

*LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*,
    No. 1:22-CV-1167-RP, 2023 WL 2290291 (W.D. Tex. Feb. 27, 2023) ........................... 6, 12

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007) .............................................................................................. 3

*Mesa Digit., LLC v. Cellco P'Ship*,
    No. 6:21-cv-1020-ADA (W.D. Tex.) ........................................................................................ 6

*Mod. Telecom Sys., LLC v. TCL Corp.*,
    No. CV 17-583-LPS-CJB, 2017 WL 6524526 (D. Del. Dec. 21, 2017) ........................... 6, 11

*Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*,
    No. 6:21-cv-1178-ADA, 2023 WL 2904583 (W.D. Tex. Apr. 11, 2023) ............................... 6

## I.     INTRODUCTION

Plaintiff SmartWatch MobileConcepts LLC's ("SmartWatch") Complaint should be dismissed because SmartWatch's allegations fail even to address certain key limitations and contradict others.

SmartWatch accuses Google Pixel Watch of infringing Claim 2 of U.S. Patent No. 10,362,480 ("'480 Patent" or "Asserted Patent"), which is generally directed to enabling a user of a wearable device to access a "secured electronic system" based on the user's location as determined by a global positioning system ("GPS").  But SmartWatch's infringement allegations are insufficient for at least three reasons, each of which independently warrants dismissal.  First, SmartWatch's Complaint fails to identify anything as being the claimed "secured electronic system."  Second, SmartWatch accuses activities that occur in the reverse order compared to what is required by the express language of the claim.  Third, SmartWatch alleges no facts demonstrating that user access to the "secured electronic system" is dependent upon the user's location as determined by GPS, again as required by the asserted claim.  SmartWatch's allegations are insufficient to state a plausible claim for infringement.

This Complaint is another in a long list of inadequately pleaded complaints filed by SmartWatch's counsel, several of which this Court has dismissed.  This Complaint is no different and should be dismissed for the same reasons:  it fails to sufficiently plead infringement of the Asserted Patent.

## II.     FACTUAL BACKGROUND

SmartWatch alleges that Google Pixel Watch directly infringes Claim 2 of the '480 Patent.  Dkt. 1 ¶ 9; Dkt. 1-2 at 2-3.[1]  The '480 Patent is generally directed to enabling a user of a

---

[1] SmartWatch dismissed its claims for indirect infringement in a stipulated dismissal pursuant to the Court's OGP 4.3 Section VII.  Dkt. 10.

wearable device to access a secured electronic system based on the user's location or proximity to the secured electronic system.  Dkt. 1-1 at Abstract; cl. 2.  The specification gives examples of secured electronic systems, such as secured entry barriers (e.g., doors, gates, safes), vehicles, industrial and medical equipment, ATMs and other payment mechanisms, point-of-sale devices, and remote servers.  *Id.* at Fig. 2, 1:28-36, 2:63-3:3, 4:59-67.  The claimed invention allegedly seeks to replace mobile devices with wearable devices for common, on-the-go applications.  *Id.* at 1:48-59, 4:32-54.

Asserted method Claim 2 recites three limitations relevant to this motion:  (2[b]) a "secured electronic system," (2[d]) providing a wearable device user with access to that system "once [the user is] authenticated," and (2[e]) using "a GPS module for determining location of the wearable device user with respect to the secured electronic system" to provide such access. Claim 2 is copied below in full, with its limitations labeled and each relevant claim limitation emphasized:

> 2[pre]. A method for enabling a wearable device user to access secured electronic systems, said method comprising:
>
> [a] placing a wearable device in contact with a user, said wearable device including a telecommunications carrier access identification module, a cellular RF communications module, and a short-range RF communications module;
>
> [b] achieving secured, short-range RF communication between the wearable device and a ***secured electronic system***;
>
> [c] authenticating the user with at least one of the wearable device, a remote server via cellular communications supported by the telecommunications carrier access identification module and the cellular RF communications module, and the secured electronic system via the secured, short-range RF communication; and
>
> [d] providing the user with access to or through the secured electronic system ***once authenticated***;
>
> [e] wherein said wearable device includes a ***GPS module for determining***

> *location of the wearable device user with respect to the secured electronic system*, and wherein the step of ***providing a user access*** to or through the secured electronic systems ***is also dependent on the location of the wearable device user***.

SmartWatch attaches to its Complaint as Exhibit B a claim chart that purports to map each limitation of Claim 2 to allegedly infringing aspects of Pixel Watch.  Dkt. 1-2.  But SmartWatch's claim chart is entirely missing allegations for limitations 2[b] and 2[e].  And for limitation 2[d], its allegations are contrary to the express order of the steps of the asserted method claim.  *See id.*

## III.   LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff must plead patent infringement claims with "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim."  *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).  The level of detail in the complaint must be "sufficient to place the alleged infringer on notice as to what he must defend."  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

A conclusory allegation or a "formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678.  For patent cases, "mere recitation of claim elements and corresponding conclusions, without supporting factual allegations, is insufficient to satisfy the *Iqbal/Twombly* standard."  *Bot M8*, 4 F.4th at 1355.  Indeed, this Court has dismissed complaints where plaintiffs resort to parroting claim language instead of identifying what of the accused product they accuse of infringement.  *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 916 (W.D. Tex. 2022).

## IV.    ARGUMENT

SmartWatch's Complaint should be dismissed for at least three independent reasons.

### A.    SmartWatch Fails To Identify Anything As Allegedly Being The "secured electronic system" Required By Limitations 2[b] And 2[e]

SmartWatch fails to identify anything in the accused Google Pixel Watch as allegedly being the claimed "secured electronic system" recited in limitations 2[b] and 2[e]. Dkt. 1-2 at 6, 9. This failure is fatal to SmartWatch's claim of infringement.

Both the claim and the specification make clear that the "secured electronic system" is an essential element of the asserted claim. As recited in the preamble of Claim 2, the purpose of the method is to "enable a wearable device user to access secured electronic systems." Accordingly, "secured electronic system" appears six times in the claim. The specification similarly discloses that the purpose of the claimed invention is to provide access via a wearable device to "secured electronic systems," such as secured entry barriers (e.g., doors, gates, safes), vehicles, industrial and medical equipment, ATMs and other payment mechanisms, point-of-sale devices, and remote servers. Dkt. 1-1 ('480 Patent) at Fig. 2, 1:28-36, 2:63-3:3, 4:59-67. Yet SmartWatch fails to identify anything that allegedly constitutes the required "secured electronic system."

SmartWatch's allegations for limitations 2[b] and 2[e] are reproduced fully below:

| US10362480 Claim 2 | Google Pixel Watch |
|---|---|
| achieving secured, **short-range RF communication** between the wearable device and a secured electronic system; | **Connectivity** ∧<br><br>4G LTE and UMTS[2]<br><br>Bluetooth® 5.0<br>Wi-Fi 802.11 b/g/n 2.4GHz<br>NFC<br><br><https://store.google.com/us/product/google_pixel_watch_specs?hl=en-US><br><br>Google Pixel Watch achieves "Bluetooth® 5.0, Wi-Fi 802.11 b/g/n 2.4GHz, NFC", i.e., secured, short-range RF communication between the wearable device and a secured electronic system. |

| US10362480 Claim 2 | Google Pixel Watch |
|---|---|
| wherein said wearable device includes a **GPS module for determining location** of the wearable device user with respect to the secured electronic system, and wherein the step of providing a **user access** to or through the secured electronic systems is also **dependent on the location** of the wearable device user. | **GPS** ∧<br><br>GPS, GLONASS, BeiDou, Galileo<br><br><https://store.google.com/us/product/google_pixel_watch_specs?hl=en-US><br><br>You can talk to the emergency responders as usual. If your phone has Emergency Location Service turned on and the emergency responder in your region is set up with ELS, then they may also receive your location. For Google Pixel Watch LTE, Emergency Location Service is on by default. To check that your ELS is turned on for your watch, press the crown and tap **Personal Safety** › **Emergency Location Service** › Turn on **Use emergency location service.**<br><br><https://support.google.com/googlepixelwatch/answer/12663810?hl=en&sjid=4770147345071943937-NA> 2023<br><br>Google Pixel Watch includes "GPS, GLONASS, BeiDou, Galileo" and "For Google Pixel Watch LTE, Emergency Location Service is on by default", i.e., a GPS module for determining location of the wearable device user with respect to the secured electronic system, and the step of providing a user access to or through the secured electronic systems is also dependent on the location of the wearable device user. |

Dkt. 1-2 at 6, 9.  The left column includes the language of asserted Claim 2, and the right column includes what SmartWatch identifies in the Google Pixel Watch as allegedly meeting that claim language.  Nowhere in the right-hand column for either limitation does SmartWatch identify something as being the alleged "secured electronic system."

This Court has dismissed complaints when, like here, a plaintiff "provide[s] a chart that

displays the claim language on one side and the accused product details on the other, accompanied by a brief description," but "fails to identify an essential element in the claim chart." *Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*, No. 6:21-cv-1178-ADA, 2023 WL 2904583, at *4 (W.D. Tex. Apr. 11, 2023).  Similarly, in *LS Cloud Storage Technologies, LLC v. Amazon.com, Inc.*, this Court dismissed direct infringement claims for not identifying devices or software accused for each claim limitation.  No. 1:22-CV-1167-RP, 2023 WL 2290291, at *3 (W.D. Tex. Feb. 27, 2023).  There, the plaintiff alleged infringement for only "part of the [claimed] process, and d[id] not, for example, allege that any device infringes on the configuration manager software or back-end software." *Id.*  Finally, in *Mesa Digital, LLC v. Cellco Partnership*, this Court dismissed plaintiff's second amended complaint for failure to plead direct infringement.  No. 6:21-cv-1020-ADA, Dkt. 33 (W.D. Tex. July 26, 2022).  There, the defendant argued that there were no allegations about the claim limitation requiring "using Bluetooth communications after accepting a passcode from a user." *Id.*, Dkt. 25 at 6-7 (W.D. Tex. Apr. 4, 2022).  Instead, the complaint vaguely pointed to the mere existence of Bluetooth technology within the accused device, identified a "password" associated with instructions for connecting the device to Wi-Fi (not Bluetooth), and parroted the claim language. *Id.* at 7.  This Court found those allegations insufficient. *Id.*, Dkt. 33.

SmartWatch's allegations fail to state a plausible claim for infringement, and Google is not fairly on notice of what SmartWatch accuses of infringement. *See De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (dismissing with prejudice the plaintiff's complaint where the plaintiff "merely repeat[ed] the claim language and block quote[d] passages from his Original Complaint"); *Mod. Telecom Sys., LLC v. TCL Corp.*, No. CV 17-583-LPS-CJB, 2017 WL 6524526, at *3 (D. Del. Dec. 21, 2017)

("simply parroting back the words of the claim and stating (without more) that the Blackberry PRIV infringes that claim is not helpful" because it "amounts to little more than a conclusory statement that 'Your product infringes my patent claim'").

SmartWatch's Complaint should be dismissed.

**B.      SmartWatch's Allegations For "providing the user with access . . . once authenticated" Fail To Follow The Claim's Required Chronological Order**

Federal Circuit precedent is clear that in order to infringe, chronologically dependent steps in a claimed method must be performed in order.  *E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1222 (Fed. Cir. 2007) ("because the language of most of the steps of its method claim refer to the completed results of the prior step, [plaintiff] must show that all of those steps were performed in order").

Limitations 2[c] and 2[d] of asserted Claim 2 must be performed in the order recited because the latter limitation depends on the former.  Specifically, limitation 2[c] recites "authenticating the user . . . ," and 2[d] then recites "providing the user with access . . . ***once authenticated***."  (Emphasis added.)  The user must be authenticated in 2[c] ***before*** being provided access in 2[d].

SmartWatch accuses resetting the Google Watch's PIN or passcode as meeting limitation 2[c] and the "Select your language" action on the Pixel Watch as meeting limitation 2[d].  For its limitation 2[d] allegations, SmartWatch relies on a video demonstrating "How to Set Up Your Google Pixel Watch":

| US10362480 Claim 2 | Google Pixel Watch |
|---|---|
| providing the user with **access to or through the secured electronic system** once authenticated; |  <https://support.google.com/googlepixelwatch/answer/12651780?hl=en&ref_topic=1265207 1&sjid=14094714720767406034-NA> 2023 <br><br> Google Pixel Watch provides the user with "Select your language", i.e., access to or through the secured electronic system once authenticated. |

Dkt. 1-2 at 8.  As demonstrated in the video, the accused "Select[ing] your language" step is the very first step a user must perform when setting up Pixel Watch, before any user authentication or any other user activity on the Watch occurs (or can occur).  *Id.* (citing

https://support.google.com/googlepixelwatch/answer/12651780?hl=en&ref_topic=12652071&sjid=14094714720767406034-NA).  Indeed, the step of "Select[ing] your language" occurs immediately after turning on the watch for the first time, and before anything else can happen on or with the watch.  *Id.*  Thus, "Select[ing] your language" necessarily occurs **before**, not **after**, the accused user authentication (or anything else that SmartWatch might try to accuse as being the user authentication).

Courts routinely dismiss complaints where factual allegations contradict what is legally required to show infringement, because such allegations are insufficient to state a plausible claim.  *Bot M8*, 4 F.4th at 1346, 1354; *see also ALD Soc. LLC v. Google LLC*, No. WA-22-CV-

972-FB, 2023 WL 3184631, at *5 (W.D. Tex. Mar. 17, 2023) (dismissing complaint because the plaintiff alleged facts inconsistent with infringement).

The same reasoning applies here.  Limitation 2[d] requires that the user already be authenticated, via limitation 2[c], before "providing the user with access."  But for this step, SmartWatch accuses the initial setup of Pixel Watch, which occurs **before** any user authentication.  Because SmartWatch's allegations contradict the express order of the claim's chronologically dependent steps, SmartWatch cannot plausibly state an infringement cause of action.  *See E-Pass*, 473 F.3d at 1222.  The Complaint therefore should be dismissed for this second independent reason.

### C.    SmartWatch Fails To Allege How Providing Access Depends On A GPS-Determined Location

Limitation 2[e] requires providing access to the secured electronic system dependent upon a location determined by GPS.  But SmartWatch's allegations do not identify any circumstance under which Pixel Watch uses a GPS-determined location to provide access to anything, much less to the "secured electronic system."[2]  SmartWatch's allegations for this limitation are fully reproduced below (Dkt. 1-2 at 9):

---

[2] As demonstrated in Section IV.A above, SmartWatch also fails to identify anything that allegedly constitutes the claimed "secured electronic system."

9

| US10362480 Claim 2 | Google Pixel Watch |
|---|---|
| wherein said wearable device includes a **GPS module for determining location** of the wearable device user with respect to the secured electronic system, and wherein the step of providing a **user access** to or through the secured electronic systems is also **dependent on the location** of the wearable device user. | GPS ∧<br><br>GPS, GLONASS, BeiDou, Galileo<br><br><https://store.google.com/us/product/google_pixel_watch_specs?hl=en-US><br><br>You can talk to the emergency responders as usual. If your phone has Emergency Location Service turned on and the emergency responder in your region is set up with ELS, then they may also receive your location. For Google Pixel Watch LTE, Emergency Location Service is on by default. To check that your ELS is turned on for your watch, press the crown and tap **Personal Safety** › **Emergency Location Service** › Turn on Use **emergency location service.**<br><br><https://support.google.com/googlepixelwatch/answer/12663810?hl=en&sjid=4770147345071943937-NA> 2023<br><br>Google Pixel Watch includes "GPS, GLONASS, BeiDou, Galileo" and "For Google Pixel Watch LTE, Emergency Location Service is on by default", i.e., a GPS module for determining location of the wearable device user with respect to the secured electronic system, and the step of providing a user access to or through the secured electronic systems is also dependent on the location of the wearable device user. |

Although SmartWatch alleges that Pixel Watch has GPS capability and provides an Emergency Location Service, it fails to allege anything regarding how or when a GPS-determined location is allegedly used for providing access to any system.

Indeed, the website cited by SmartWatch suggests that while Emergency Location Service may allow some emergency responders to receive a location from Pixel Watch LTE, users "can talk with the emergency responders as usual" even without sending location.  *Id.* (citing https://support.google.com/googlepixelwatch/answer/12663810?hl=en&sjid=4770147345071943937-NA).  The user's "access" to the emergency responders, i.e., ability to talk with the emergency responders, thus, does not ***depend on*** location, as is required by the claim.  And SmartWatch does not identify any other activity that it alleges constitutes the claimed "user access . . . dependent on the location of the wearable device user."

At most, SmartWatch alleges simply that Pixel Watch has a GPS receiver and can provide location information, but the claim requires much more.  In particular, SmartWatch fails

to allege (1) what the "secured electronic system" is, (2) whether the GPS module in the Pixel Watch determines location with respect to such "secured electronic system"; and (3) whether Pixel Watch provides access to the "secured electronic system" depending on the GPS-determined user location—all of which are required by this limitation.

SmartWatch's allegations fall well short of the Federal Circuit's *Bot M8* pleading standard.  The detail required to plead direct infringement adequately depends on "the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device."  4 F.4th at 1353.  Here, determining the relative location between the wearable device and the secured electronic system by GPS and providing user access dependent on that relative location are material, core limitations of the asserted Claim 2.  *See* '480 Patent at 4:4-15, FIG. 1, cl. 2.  SmartWatch must, therefore, show that infringement, including specifically the practice of this limitation, is a reasonable inference to draw from its allegations.  Simply alleging that Pixel Watch has GPS capabilities and that its use of Emergency Location Service may use location, without saying anything at all about how other requirements of this limitation are allegedly met, does not come close to meeting this standard.  SmartWatch's allegations leave too much to be guessed at for what it accuses as infringing, which does not fairly put Google on notice of what is accused in this case.  *De La Vega*, 2020 WL 3528411, at *6; *Mod. Telecom*, 2017 WL 6524526, at *3; *Grecia*, 605 F. Supp. 3d at 916-17.

SmartWatch's Complaint is too vague to state a plausible claim for infringement and should be dismissed for this third independent reason.

### D.  SmartWatch's Complaint Follows A Well-Established Pattern Of Deficient Complaints Filed By SmartWatch's Counsel

This is far from being the first time that SmartWatch's counsel has filed an insufficiently

pleaded complaint.  Courts in this District (and others) have dismissed numerous infringement allegations brought by SmartWatch's counsel for failing to identify the specific software or device that allegedly meets the elements of the asserted claims, as here.

For example, as explained above, in *LS Cloud Storage*, this Court dismissed the complaint because "Plaintiff's allegations and charts fail to identify devices or software for each claim limitation."  2023 WL 2290291, at *3.  Because "the Complaint does not match the[] limitations to components and functions of the Accused Products," "Plaintiff's claim [was] too vague to state a plausible claim for infringement" and did not provide defendants notice as to what meets the claim limitations.  *Id.* at *4-5 (quotation omitted).  Here as well, SmartWatch does not match the limitations of Claim 2 to the components and functions of Pixel Watch and, thus, fails to provide notice as to what meets the elements of the claim.

Similarly, in *AK Meeting IP LLC v. Zoho Corp.*, the court dismissed an amended complaint drafted by SmartWatch's counsel because it "does nothing more than recite the elements of [plaintiff's] infringement claims" and "[i]ts incorporation of [a claim chart], with annotations to screenshots taken from [defendant's] website, add virtually nothing to the threadbare recitals in the Amended Complaint itself."  No. 1:22-CV-1165-LY, 2023 WL 1787303, at *5 (W.D. Tex. Feb. 6, 2023).  The amended complaint "ignor[ed] material limitation[s] to" the asserted patents.  *Id.* at *5-6.  Here, SmartWatch's counsel has likewise ignored material limitations and done nothing more than annotate screenshots without making any effort to identify how they allegedly correspond to the claimed functionality.

## V.   CONCLUSION

SmartWatch's Complaint should be dismissed for failure to state a claim of direct infringement.

Dated: August 1, 2023         By: */s/ Erica Benites Giese*

Nathaniel St. Clair, II
nstclair@jw.com
Jackson Walker LLP
2323 Ross Ave., Ste. 600
Dallas, TX 75201
Telephone: (214) 953-5948
Facsimile:  (214) 661-6848

Erica Benites Giese
egiese@jw.com
Jackson Walker LLP
112 E. Pecan Street, Suite 2400
San Antonio, TX 78205-1510
Telephone: 210-978-7791

Luann S. Simmons (*Pro Hac Vice* Pending)
lsimmons@omm.com
Sorin G. Zaharia (*Pro Hac Vice* Pending)
szaharia@omm.com
Daniel A. Silverman (*Pro Hac Vice* Pending)
dsilverman@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: 415-984-8700
Facsimile:  415-984-8701

Kyla Butler (*Pro Hac Vice Pending*)
kbutler@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: 202-383-5300
Facsimile: 202-383-5414

***Attorneys for Defendant Google LLC***

13

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 1, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Erica Benites Giese*
Nathaniel St. Clair, II
