SUSAN S.Q. KALRA (S.B. #167940)
skalra@rameyfirm.com
WILLIAM P. RAMEY, III (*pro hac vice anticipated*)
wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas  77006
Telephone:    +1 713 426 3923
Facsimile:    +1 832 900 4941

*Attorneys for Plaintiff*
*SmartWatch Mobile Concepts, LLC*

LUANN L. SIMMONS (S.B. #203526)
lsimmons@omm.com
SORIN G. ZAHARIA (S.B. #312655)
szaharia@omm.com
DANIEL A. SILVERMAN (S.B. #319874)
dsilverman@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California  94111-3823
Telephone:    +1 415 984 8700
Facsimile:    +1 415 984 8701

*Attorneys for Defendant Google LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SMARTWATCH MOBILECONCEPTS, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No. 3:24-cv-00937-RFL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: May 22, 2024<br>Time: 10:00 AM<br>Courtroom: 15, 18th Floor<br>Judge: Honorable Judge Rita F. Lin |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Standing Order for All Judges of the Northern District of California, Judge Lin's Standing Order for Civil Cases, and Civil Local Rule 16-9, Plaintiff SmartWatch MobileConcepts, LLC ("SmartWatch") and Defendant Google LLC ("Google") (collectively, the "Parties") jointly submit this Joint Case Management Statement.

## I. JURISDICTION AND SERVICE

SmartWatch contends that this Court has subject matter jurisdiction over this action under the patent laws of the United States 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285, and 28 U.S.C. §§ 1331, 1332, and 1338(a). Google does not contest jurisdiction or venue in this Court. No defendant remains unserved.

## II. FACTS

### A. SmartWatch's Statement

SmartWatch filed the complaint ("Complaint") in this action on May 24, 2023, in the U.S. District Court for the Western District of Texas, alleging that Google infringed claims of U.S. Patent No. 10,362,480 ("the '480 patent"), entitled "Systems, Methods, and Apparatuses for Enabling Wearable Device User Access to Secured Electronics Systems" which was issued by the U.S. Patent and Trademark Office on July 23, 2019. SmartWatch contends it holds all rights, title, and interest for both patents.

SmartWatch's Complaint alleges that Google directly, indirectly, and willfully infringes the '480 patent by maintaining, operating, and administering systems and methods that enable wearable device (e.g., smartwatch) user access to secured electronic systems based on at least one of user authentication for access to secured electronic system by the wearable device, user biometric authentication by a wireless carrier, user biometric authentication by remote server, user location, and user proximity to a secured electronic system. SmartWatch seeks damages and injunctive relief for the alleged infringement, as well as a finding that this case is exceptional.

**B.     Google's Statement**

SmartWatch filed this action on May 24, 2023, in the U.S. District Court for the Western District of Texas against Google, accusing Google of infringing U.S. Patent No. 10,362,480 (the "'480 Patent" or the "Patent-in-Suit"). Dkt. 1. Google filed a Rule 12(b)(6) Motion to Dismiss. Dkt. 12. The Parties field a Joint Notice of Dismissal and Discovery of Indirect Infringement and Willfulness Claims. Dkt. 10. The case was transferred from the Western District of Texas under 28 U.S.C. § 1404(a) on February 16, 2024. Dkt. 37.

In its Complaint and accompanying claim chart, SmartWatch alleges that Google's Pixel Watch directly infringes the '480 Patent and seeks damages. Dkts. 1, 1-2. Google denies infringement but has not yet filed an answer or asserted its affirmative defenses because SmartWatch's Complaint fails to state a plausible claim of infringement; accordingly, Google filed a Rule 12(b)(6) Motion to Dismiss (Dkt. 12), which was fully briefed but not yet ruled on in W.D. Tex. before the case was transferred.

On April 26, 2024, Google also filed a Petition for *Inter Partes* Review of the '480 Patent. *See Google LLC v. SmartWatch MobileConcepts, LLC*, IPR2024-00852, Paper 1 (P.T.A.B. April 26, 2024).

**III.    LEGAL ISSUES**

   **A.    SmartWatch's Statement**

At this stage of the case, the principal disputed legal issues are:

- The proper construction of any disputed claim terms;
- Whether Google infringes the Patent-in-Suit, either directly (35 U.S.C. § 271(a)) or indirectly (35 U.S.C. § 271(b)-(c));
- Whether the Patent-in-Suit is valid;
- Whether the Patent-in-Suit is enforceable;
- Any other affirmative defenses of Google;
- Whether SmartWatch is entitled to damages as a result of the alleged infringement of the Patent-in-Suit, and if so, the amount (35 U.S.C. § 284);

- Whether SmartWatch is entitled to injunctive relief to prevent alleged irreparable harm as a result of the alleged continuing infringement of the Patent-in-Suit (35 U.S.C. § 283);
- Whether Google's alleged infringement is willful;
- Whether any party is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285.

**B.     Google's Statement**

The key legal issues concern the following subjects:

- Whether Google has infringed any valid and enforceable claim of the '480 Patent;
- Whether the claims of the '480 Patent are valid and enforceable;
- The proper construction of any disputed patent claim terms of the '480 Patent;
- Whether the claims of the '480 Patent are directed to patent-ineligible subject matter;
- If Google is found to have infringed the '480 Patent, the extent of any alleged damages;
- Whether this is an exceptional case under § 285 warranting the award to Google of costs, expenses, and attorneys' fees; and
- Whether any other forms of relief are due.

The Parties anticipate other significant legal issues will be disputed as the litigation progresses.

**IV.    MOTIONS**

Google's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Dkt. 12) was fully briefed in W.D. Tex. and is pending. The parties seek the Court's guidance on whether the Court would like Google to refile its Motion to Dismiss, or if the Court prefers to adjudicate the Motion based on the W.D. Tex. briefs.

The Parties do not have any other outstanding motions at this time. The Parties anticipate that they may file other dispositive and non-dispositive motions as appropriate.

**V.     AMENDMENT OF PLEADINGS**

SmartWatch filed the original Complaint in this action on May 24, 2023. Dkt. 1. Google

reserves its right to file an Answer if its Motion to Dismiss is not granted.

As detailed in Google's Motion to Dismiss, Google contends that no amendment of the Complaint should be allowed because SmartWatch has asserted implausible infringement theories and amendment would be futile.

Plaintiff reserves the right to amend the pleadings as required by the Court, changed facts, or if the Court grants Defendant's Motion to Dismiss. Otherwise, Plaintiff does not believe any amendment is necessary.

**VI.   EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to take regarding evidence presentation. The Parties confirm that they have taken appropriate and reasonable measures to preserve evidence relevant to the issues reasonably evident in this action.

**VII.   DISCLOSURES**

Pursuant to the Western District of Texas court's standard procedures and schedule, all non-venue discovery, including Fed. R. Civ. P. 26(a) initial disclosures, was stayed until after a *Markman* order issued. Dkt. 30. Because this case was transferred before the Western District of Texas held a *Markman* hearing or issued an order, the Parties have not yet served initial disclosures. As noted in the Parties' agreed proposed schedule in Section XVI, *infra*, the Parties respectfully request that this Court similarly order that the Parties serve initial disclosures and commence fact discovery after the Court issues its *Markman* order.

**VIII.   DISCOVERY**

  **A.   Discovery Taken to Date**

On October 25, 2023, before transfer, SmartWatch served its Preliminary Infringement Contentions. Google served its Preliminary Invalidity Contentions on December 18, 2023. The Parties also conducted venue discovery in W.D. Tex.

  **B.   Scope of Anticipated Discovery**

The Parties anticipate that the scope of discovery will encompass the factual and legal issues

identified in Sections II and III above and the requested relief discussed herein, including related and subsidiary factual and legal issues and matters. The Parties expect that their claims and (anticipated) defenses will require both party and potentially third-party discovery on at least the following subjects: infringement and non-infringement, validity and invalidity, and damages.

Smartwatch anticipates discovery on:

- Google's alleged infringement of the Patent-in-Suit, including the technical functionality of the accused products, and
- Alleged damages for the alleged infringement of the Patent-in-Suit, including: apportionment of the value of the alleged inventions, non-infringing alternatives; comparability of licenses; the *Georgia-Pacific* factors for a hypothetical negotiation between the Parties, licensing and exhaustion, and the applicable royalty base; revenues, profits, costs, and sales for the accused products; revenues, profits, costs, and sales for products sold by the prior assignees and their subsidiaries;

Google anticipates seeking discovery on, at a minimum, the following issues that are necessary to resolve the claims and (anticipated) defenses in this case:

- Inventorship of the Patent-in-Suit;
- Invalidity of the Patent-in-Suit, including prior art to the Patent-in-Suit;
- Enforceability of the Patent-in-Suit, including the circumstances around the prosecution of the Patent-in-Suit;
- Google's alleged infringement of the Patent-in-Suit, including the technical functionality of the accused products;
- Alleged damages for the alleged infringement of the Patent-in-Suit, including: apportionment of the value of the alleged inventions, non-infringing alternatives; comparability of licenses; the *Georgia-Pacific* factors for a hypothetical negotiation between the Parties, licensing and exhaustion, and the applicable royalty base; revenues, profits, costs, and sales for the accused products; revenues, profits, costs, and sales for products sold by the prior assignees and their subsidiaries;

- Whether authorized practicing products of SmartWatch or licensees of the Patent-in-Suit were properly marked under 35 U.S.C. § 287; and
- Whether SmartWatch or any prior assignee gave Google adequate pre-suit notice of infringement as required to recover pre-suit damages under 35 U.S.C. § 287.

**C.   Proposed Discovery Plan, Stipulated e-Discovery, and Identified Discovery Disputes**

The Parties will negotiate a Protective Order, including terms under Rule 502(d) of the Federal Rule of Evidence, and an ESI Order, and will submit a Stipulated Protective Order and ESI Order for entry by the Court.

The Parties have already exchanged initial document productions, including Confidential - Outside Attorneys' Eyes Only information, in W.D. Tex. under the Interim Protective Order of the W.D. Tex. court (*see* Judges Albright/Gilliland Standing Order Governing Proceedings (OGP) 4.4–Patent Cases). The Parties agree to continue to abide by the provisions of that Protective Order until this Court enters a Protective Order, at which point the Parties agree that the terms of this Court's Protective Order will supersede the Interim Protective Order of the W.D. Tex. court such that the terms of this Court's Protective Order will also apply to the prior-exchanged productions and information.

**IX.   CLASS ACTIONS**

This case does not involve a class action.

**X.   RELATED CASES**

While there are no pending "Related Cases," as defined by L.R. 3-12, the following district court case is pending in the Western District of Texas and involves the same asserted patent as in the present case:

- *SmartWatch MobileConcepts, LLC v. Cellco P'ship d/b/a Verizon Wireless*, No. 6:23-cv-00731 (W.D. Tex.) ("Verizon Action").

The Western District of Texas has not yet issued any claim construction orders in the above action.

The following request for *inter partes* review of the asserted '480 Patent is also pending

before the Patent Trial and Appeal Board :

- *Google LLC v. SmartWatch MobileConcepts LLC*, IPR2024-00852 (P.T.A.B.)

The Patent Trial and Appeal Board has not yet issued an institution decision in IPR2024-00852.

## XI. RELIEF

### A. SmartWatch's Statement

SmartWatch seeks entry of judgment finding that Google has infringed and is infringing the Patent-in-Suit. SmartWatch also seeks injunctive relief, including an injunction against Google from infringing the Patent-in-Suit. SmartWatch also seeks monetary damages, including damages based on a calculation of lost profits or an amount no less than a reasonable royalty. SmartWatch also seeks a finding that Google has willfully infringed the Patent-in-Suit and all damages-related remedies available to SmartWatch for Google's willful infringement. In addition, SmartWatch seeks a judgment that this case is exceptional and requests an award of costs and reasonable attorneys' fees. SmartWatch also seeks an accounting of all sales and revenues, together with pre-judgment and post-judgment interest.

### B. Google's Statement

In its Motion to Dismiss, Google seeks dismissal with prejudice of SmartWatch's claims. If the case is not dismissed in response to Google's motion, Google expects that it will file an Answer and seek entry of judgment in favor of Google, specifically: a judgment that Google has not infringed any valid and enforceable claim of the '480 Patent; a judgment that the '480 Patent is invalid and/or unenforceable; and/or a judgment limiting or barring SmartWatch's ability to enforce the '480 Patent in equity.  Irrespective of the outcome of its Motion to Dismiss, Google anticipates that it may also seek a declaration that this case is exceptional and an award to Google of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees and further relief as this Court may deem just and proper.  To the extent that liability is established, Google contends that damages should be calculated based on a reasonable royalty.

## XII. SETTLEMENT AND ADR

The Parties have complied with ADR Local Rule 3-5.  They have reviewed the Court's ADR handbook, discussed the available ADR procedures, and considered whether this case would

benefit from an ADR procedure. Both SmartWatch and Google filed their ADR Certifications. Dkts. 45, 46. No formal ADR has taken place. The Parties may explore the possibility of private mediation or mediation through the Court's ADR program after resolution of Google's Motion to Dismiss. Google believes that SmartWatch must at least plead a plausible claim of infringement before the parties can attempt to negotiate a resolution.

### XIII. OTHER REFERENCES

The Parties do not think this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. The Parties do not consent to the jurisdiction of a magistrate judge.

### XIV. NARROWING OF ISSUES

No Party has requested bifurcation of issues, claims, or defenses.

The Parties jointly identify the following issues as most consequential to the case and provide their positions on how to expedite resolution of these issues.

#### 1. Motion to Dismiss

Google contends that resolution of its Motion to Dismiss may narrow or resolve the case entirely by resulting in dismissal with prejudice of all claims for relief in the Complaint. SmartWatch opposes the Motion.

#### 2. Claim Construction

Before this case was transferred to this Court, the Parties commenced, but did not complete, claim construction briefing. On February 5, 2024, Google filed its Opening Claim Construction Brief in W.D. Tex. Dkt. 34. The case was transferred shortly thereafter on February 16, 2024. Google requests that the Court permit the Parties to re-start the claim construction process under this Court's Patent Local Rules. Google contends that claim construction is likely to narrow the disputed issues in this case because Google does not infringe any properly-construed claims of the '480 Patent.

### XV. EXPEDITED TRIAL PROCEDURE

The Parties agree that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

## XVI. SCHEDULING

The parties propose the following schedule. This proposed schedule follows the order of events set forth in the Patent Local Rules of this Court.[1]

| Event | Agreed Deadline |
|---|---|
| Case Management Conference | May 22, 2024 |
| Last Day to Amend Pleadings | June 5, 2024 |
| SmartWatch serves Infringement Contentions and Document Production (Patent L.R. 3-1, 3-2)[2] | June 19, 2024 |
| Google serves Invalidity Contentions and Document Production (Patent L.R. 3-3, 3-4) | August 5, 2024 |
| Parties to exchange list of terms to be construed by the Court (Patent L.R. 4-1) | August 19, 2024 |
| Parties to exchange preliminary claim constructions and extrinsic evidence (Patent L.R. 4-2) | September 9, 2024 |
| SmartWatch's Damages Contentions (Patent L.R. 3-8) | September 23, 2024 |
| Parties to submit Joint Claim Construction and Prehearing Statement and Expert Reports (Patent L.R. 4-3) | October 2, 2024 |
| Google's Responsive Damages Contentions (Patent L.R. 3-9) | October 22, 2024 |
| End of Claim Construction Discovery (Patent L.R. 4-4) | November 1, 2024 |
| Plaintiff to file Opening Claim Construction Brief (Patent L.R. 4-5(a)) | November 18, 2024 |
| Defendant to file Responsive Claim Construction Brief (Patent L.R. 4-5(b)) | December 2, 2024 |
| Plaintiff to file Reply Claim Construction Brief (Patent L.R. 4-5(c)) | December 9, 2024 |
| Claim construction hearing (Patent L.R. 4-6) | Subject to the Court's availability |

---

[1] If any deadline pursuant to this schedule falls on a Saturday, Sunday, or legal holiday, the deadline shall be continued until the next day that is not a Saturday, Sunday, or legal holiday.

[2] The supplemental infringement contentions are intended to put them in compliance with the Patent Local Rules and may not assert claims or accuse products that were not previously asserted or accused.

| Event | Agreed Deadline |
|---|---|
| Fact Discovery Opens | 1 business day after the Court issues the *Markman* claim construction order |
| Deadline to Complete Fact Discovery | 7 months after the Court issues the *Markman* claim construction order |
| Opening Expert Reports due | 8 months after the Court issues the *Markman* claim construction order |
| Rebuttal Expert Reports due | 10 months after the Court issues the *Markman* claim construction order |
| Close of Expert Discovery | 11 months after the Court issues the *Markman* claim construction order |
| Deadline to file Dispositive and *Daubert* Motions | 12 months after the Court issues the *Markman* claim construction order |
| Deadline to serve Pretrial Disclosures (jury instructions, exhibit lists, witness lists, and deposition designations) | 14 months after the Court issues the *Markman* claim construction order |
| Deadline to serve Objections to Pretrial Disclosure and Rebuttal Disclosures | 15 months after the Court issues the *Markman* claim construction order |
| Deadline to serve Rebuttal Disclosures and Motions *in Limine* | 16 months after the Court issues the *Markman* claim construction order |
| Deadline to file Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibit lists, witness lists, deposition designations) | 17 months after the Court issues the *Markman* claim construction order |
| Deadline to file Joint Notice regarding resolution of disputes regarding pretrial disclosures and motions *in limine* and identification of remaining disputes requiring resolution by the Court at the pre-trial conference | 2 weeks after the Parties file their Joint Pretrial Order and Pretrial Submissions |
| Final Pretrial Conference | Based on the Court's availability 18 months after the Court issues the *Markman* claim construction order |
| Jury Selection / Trial | Based on the Court's availability 19 months after the Court issues the *Markman* claim construction order |

## XVII. TRIAL

The Parties request a trial by jury for all issues so triable. The parties estimate that the trial will take approximately 5 days.

**XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

SmartWatch's Certificate of Interested Parties (Dkt. 4) discloses that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- SmartWatch MobileConcepts, LLC
- Ramey LLP

Pursuant to Federal Rule of Civil Procedure 7.1, SmartWatch states that there is no parent corporation or any publicly held corporation owning 10% or more of its stock.

Google's Certificate of Interested Entities (Dkt. 47) discloses that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Google LLC
- XXVI Holdings Inc., Holding Company of Google LLC;
- Alphabet Inc., Holding Company of XXVI Holdings Inc.

Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Google LLC also discloses that Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock. Dkt. 11.

**XIX. PROFESSIONAL CONDUCT**

The Parties confirm that all attorneys of record for those Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XX. OTHER MATTERS (PATENT L.R. 2-1(B))**

Pursuant to Patent L.R. 2-1(b), the Parties have also met and conferred regarding the following additional matters:

**A.     Proposed Modification of the Obligations or Deadlines Set Forth in the Patent Local Rules (Patent L.R. 2-1(b)(1))**

As noted in the proposed schedule in Section XVI, *supra*, the Parties respectfully request that the deadlines for disclosures under the Patent Local Rules occur based on the entry of the Court's order on Google's pending Motion to Dismiss. The Parties do not otherwise propose any modifications to the obligations set forth in the Patent Local Rules.

**B.     Scope and Timing of Claim Construction Discovery and Damages Discovery (Patent L.R. 2-1(b)(2))**

The Parties agree that no claim construction discovery is necessary, aside from the depositions of any experts on which the Parties may rely in connection with claim construction briefing. The Parties will conduct any such depositions in accordance with the Patent Local Rules. The Parties propose to proceed with damages discovery under the Patent Local Rules.

**C.     Proposed Format of Claim Construction Hearing (Patent L.R. 2-1(b)(3))**

The Parties request a hearing before the Court on any claim terms in dispute.

**D.     How the Parties Intend to Educate the Court on the Technology at Issue (Patent L.R. 2-1(b)(4))**

The Parties defer to the Court's preference on whether the Court would find a tutorial regarding the technology at issue helpful. The Parties could present such a tutorial in conjunction with their claim construction arguments or at the Court's convenience.

**E.     Non-binding, Good-Faith Estimate of the Damages Range (Patent L.R. 2-1(b)(5))**

**SmartWatch's Statement**

SmartWatch requires discovery as to the extent of sales of infringing devices, including at least numbers of infringing products, as well as the amount each product was sold for. Smartwatch shall be in apposition to provide an initial estimate upon provision of its Opening Damages Expert Report as provided for in the Scheduling order.

**Google's Statement**

SmartWatch's Complaint fails to state a claim, for at least the reasons described in Google's Motion to Dismiss. Further, Google does not infringe the Patent-in-Suit, and the

Patent-in-Suit is invalid and unenforceable. Thus, any damages award to SmartWatch would be inappropriate.

Dated: May 15, 2024

**O'MELVENY & MYERS LLP**

By: */s/ Luann L. Simmons*
Luann L. Simmons

LUANN L. SIMMONS (S.B. #203526)
lsimmons@omm.com
SORIN G. ZAHARIA (S.B. #312655)
szaharia@omm.com
DANIEL A. SILVERMAN (S.B. #319874)
dsilverman@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone:   +1 415 984 8700
Facsimile:   +1 415 984 8701

*Attorneys for Defendant*
*Google LLC*

Dated: May 15, 2024

**RAMEY LLP**

By: */s/ Susan S.Q. Kalra*

Susan S.Q. Kalra (S.B. #167940)
skalra@rameyfirm.com
William P. Ramey, III (*pro hac vice anticipated*)
wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone:   +1 713 426 3923
Facsimile:   +1 832 900 4941

*Attorneys for Plaintiff*
*SmartWatch Mobile Concepts, LLC*

## ATTESTATION

Pursuant to L.R. 5-1(i)(3), Defendant's counsel attests that counsel for SmartWatch MobileConcepts, LLC concurred in the filing of this document.

Dated: May 15, 2024                             By:        */s/ Luann L. Simmons*
                                                                        Luann L. Simmons